| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

WALTER CHARLES JONES, §
§
    Petitioner, §
§
*versus* § CIVIL ACTION NO. 1:06-CV-131
§
DIRECTOR, TDCJ-CID, §
§
    Respondent. §

## MEMORANDUM OPINION AND ORDER

Petitioner Walter Charles Jones, an inmate at the Eastham Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Discussion

A final judgment was entered on November 7, 2006, dismissing the above-styled petition as barred by limitations. On June 2, 2008, petitioner filed an appeal from the dismissal. The Fifth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. Petitioner has now filed a motion to vacate the final judgment (# 11). This memorandum considers such motion.

### Analysis

Rule 60, FED. R. CIV. P., provides in relevant part:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.
>
> (c) **Timing and Effect of the Motion**. **(1) Timing.** A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

FED. R. CIV. P. 60(b) and (c).

Petitioner claims he is actually innocent of the charges against him, and the judgment should be vacated. Further, petitioner asserts that the facts need to be developed with an evidentiary hearing.

After careful consideration of petitioner's motion, the court is of the opinion that petitioner's motion was not presented in a reasonable time. Petitioner's motion was filed more than three (3) years after entry of the judgment and more than eighteen (18) months following the dismissal of his appeal. Further, petitioner's motion fails to set forth a meritorious ground warranting relief from the judgment. Petitioner's petition for writ of habeas corpus is barred by limitations, as previously determined. Accordingly, petitioner's motion to vacate judgment should be denied.

## ORDER

For the reasons set forth above, petitioner's motion to vacate judgment should be denied. It is therefore,

**ORDERED** that petitioner's motion for relief from judgment is **DENIED**.

SIGNED at Beaumont, Texas, this 1st day of July, 2010.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE